JAMES F. RAPER, Adm'r of the Estate of Beth Raper, Plaintiff-Appellant, *v.* HAZELETT & ERDAL, Defendant-Appellee.

First District (5th Division)   No. 81—2716

Opinion filed May 13, 1983.

Thomas Peters, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Lisa D. Marco, and Henry R. Daar, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, James Raper, administrator of the estate of Beth Raper, brought suit to recover damages against defendant Hazelett & Erdal, an Illinois partnership, for damages sustained by the alleged negligence of defendant in the construction and design of a highway me-

dian in Kentucky over which an errant vehicle crossed, striking the car of plaintiff's decedent and resulting in her death.

The trial court granted the defendant's motion for summary judgment on the grounds that a prior suit, brought by plaintiff in the Kentucky Board of Claims, found that the median was constructed in accordance with industry standards in effect at the time it was built, and plaintiff appeals.

The solitary issue on review is whether the trial court erred in granting defendant's motion for summary judgment on the basis of collateral estoppel.

The pertinent facts follow. On October 20, 1978, a car northbound on Interstate 65 in the Commonwealth of Kentucky went out of control when its left front tire blew out, traversed the highway median, and struck the car driven by the plaintiff's decedent, Beth Raper.

Plaintiff filed suit in Kentucky against the driver of the car that struck plaintiff's decedent, and received a settlement of $10,000 on January 30, 1980. Subsequently, a second suit was filed in the Kentucky Board of Claims against the Commonwealth of Kentucky, which alleged that Interstate 65 was either negligently designed or constructed by the Commonwealth, its contractors, or subcontractors, thereby permitting a motor vehicle to cross the median.

Plaintiff's complaint alleged, *inter alia*, that:

"7. Interstate 65 was negligently designed or in the alternative negligently constructed so as to permit the motor vehicle operated by Elizabeth Evans to cross the median strip and strike the motor vehicle owned and operated by Beth H. Raper, deceased, and said negligence was a substantial factor in causing the death of Beth H. Raper.

8. Said negligent design and/or construction was performed by the Commonwealth of Kentucky, and/or by employees, servants, agents, architects, engineers, contractors or subcontractors employed or retained by the Commonwealth of Kentucky and under the supervision and control of the Commonwealth of Kentucky."

A hearing was held before the Kentucky Board of Claims on December 14, 1979, wherein both parties presented the board with deposition testimony of expert witnesses, and plaintiff, in addition, presented eyewitness testimony. The Board of Claims unanimously held that the median was not defectively designed at the time it was constructed, stating: "The expert witness called by the defendant *** testified that the median was designed and constructed in accordance with the AASHO standards at that time. While it is true that the ex-

pert for the Plaintiff \*\*\* testified to the contrary, it is this Board's finding that the design of the median in question was acceptable at the time the highway was constructed. While the record holds evidence that it would not be so if it were constructed by today's standards, there is nothing to show this Board that the median in question was not designed and constructed in accordance with standards prevailing at the time of its design and construction." Plaintiff did not appeal this ruling, and the statute of limitations period prescribed by Kentucky law expired on October 20, 1979.

Plaintiff brought suit against defendant, the Illinois contractor that supervised the construction of one section of Interstate 65, on October 19, 1979, alleging, *inter alia,* that defendant was negligent in failing to design or construct a median capable of preventing northbound vehicles from crossing over to the southbound lanes of traffic, or, in the alternative, of designing or constructing the highway with such obviously dangerous specifications that no competent contractor would have followed them.

Various pleadings were filed, and on March 10, 1981, defendant filed a motion for summary judgment on the basis that the prior administrative determination rendered by the Kentucky Board of Claims collaterally estopped the plaintiff from relitigating the issue of the design and construction of the median. The trial court granted this motion on October 5, 1981, and plaintiff appeals.

OPINION

■ Initially, we note that the policy underlying the doctrine of *res judicata,* of which collateral estoppel is a part, is stated in section 1 of the Restatement of Judgments (1942):

> "Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them." *Bowen v. United States* (7th Cir. 1978), 570 F.2d 1311, 1320-21.

Although plaintiff initially argues that he was never afforded a determination by a court because members of the Kentucky Board of Claims are not judges, we find that this antiquated position lacks merit and harkens back to a time earlier in this century when courts were unwilling to apply collateral estoppel to administrative determinations pursuant to *Pearson v. Williams* (1906), 202 U.S. 281, 50 L.

Ed. 1029, 26 S. Ct. 608.

In 1966, the United States Supreme Court specifically held that "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Construction & Mining Co.* (1966), 384 U.S. 394, 422, 16 L. Ed. 2d 642, 661, 86 S. Ct. 1545, 1560.

Thus, the modern trend has been to expand the application of the collateral estoppel, or estoppel by verdict, branch of the doctrine of *res judicata*, to better serve the underlying policy on which the doctrine is based, *i.e.*, that one opportunity to litigate an issue fully and fairly is enough. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation* (1971), 402 U.S. 313, 28 L. Ed. 2d 788, 91 S. Ct. 1434; *Bowen v. United States* (7th Cir. 1978), 570 F.2d 1311.

■ We now turn to consider whether plaintiff is collaterally estopped from further pursuing his claim. In Illinois, the requirements for the application of collateral estoppel are: (1) that the issue decided in the prior adjudication be identical with the one presented in the case under review; (2) that the party against whom the estoppel is asserted was a party or in privity with a party to the prior litigation; and (3) that there has been a final judgment on the merits in the former suit. (*Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.) Moreover, for collateral estoppel to apply, a plaintiff must be afforded a "full and fair opportunity" to litigate. *United States v. Utah Construction & Mining Co.* (1966), 384 U.S. 394, 422, 16 L. Ed. 2d 642, 661, 86 S. Ct. 1545, 1560.

■ First, we have considered the identical issue requirement and have necessarily compared the nature, purpose and allegations of the present cause of action with the proceedings in the Kentucky Board of Claims (see *Raymond Construction Co. v. Midwest America Development, Inc.* (1978), 67 Ill. App. 3d 332, 384 N.E.2d 907) in order to determine whether the prior judgment effectively bars plaintiff's action here.

It is clear that a comparison of the pleadings in the administrative action and the present case shows that both complaints allege negligent design or construction of the median. Furthermore, the Board of Claims in its decision specifically stated that "[t]he central issue [of the case] is the design and construction of the median barrier." Consequently, we conclude that the issue decided in the prior adjudication is identical with the one presented in the case under review.

Secondly, we have examined whether the party against whom the

estoppel is asserted, the plaintiff, was a party or in privity with a party to the prior litigation.

Although plaintiff urges us that collateral estoppel is precluded because the prior suit was brought against the Commonwealth of Kentucky, citing *Celotex Co. v. Koblitz* (1926), 241 Ill. App. 159, the recent trend in the law in this area is to discard the identical parties—mutuality rule entirely and to require that only one party or his privy, the one against whom estoppel is attempted to be used, be identical in the second action, especially when estoppel is urged defensively. *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 898, 324 N.E.2d 78, 81.

As the United States Supreme Court expressed in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation* (1971), 402 U.S. 313, 329, 28 L. Ed. 2d 788, 799-800, 91 S. Ct. 1434, 1443: "[to permit] repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure.' [Citation.]"

Accordingly, we find that the second element of collateral estoppel has been satisfactorily demonstrated in the case at bar. In addition, neither party disputes that the judgment rendered by the Kentucky Board of Claims constitutes a final judgment on the merits of the case and thus the third element has been fulfilled.

The fourth and final element of collateral estoppel is whether plaintiff was afforded a full and fair opportunity to argue his version of the facts and an opportunity to seek court review of any adverse findings pursuant to *United States v. Utah Construction & Mining Co.* (1966), 384 U.S. 394, 422, 16 L. Ed. 2d 642, 661, 86 S. Ct. 1545, 1560.

The requirement that the issue be "actually litigated" however, does not require that the issue be thoroughly litigated. Collateral estoppel may apply "no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collaterally concluded." (*Continental Can Co., USA v. Marshall* (7th Cir. 1979), 603 F.2d 590, 596.) Thus, courts generally hold the "full and fair opportunity to litigate" requirement to be satisfied if the parties to the original action disputed the issue and the trier of fact resolved it.

An examination of the record in the instant case shows that expert testimony was presented to the Board of Claims by both parties, and the Kentucky board also considered interrogatories that were

filed by the Commonwealth of Kentucky and which had been answered by plaintiff.

Thus, applying the foregoing legal principles to the present case we find that plaintiff was indeed afforded a full and fair opportunity to litigate.

Since full faith and credit must be accorded the judgment of a sister State (U.S. Const., art. IV, sec.1; *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926, *cert. denied* (1978), 435 U.S. 968, 56 L. Ed. 2d 59, 98 S. Ct. 1605) absent any question of jurisdiction over the person and subject matter, no other court may rehear any claim, issue, or defense which was previously decided or which could have been presented to the court of the sister State. (*Carlson v. Prestige Casualty Co.* (1975), 28 Ill. App. 3d 926, 329 N.E.2d 477.) Therefore, however erroneous a decision of a court of competent jurisdiction may be, it is binding upon all parties unless it is reversed on appeal. *Radice v. Antonacci* (1970), 120 Ill. App. 2d 478, 257 N.E.2d 233.

As the plaintiff was afforded the opportunity to litigate the negligence issue in Kentucky, his remedy, if the judgment was wrong, was appeal. (*Lady v. Montgomery Ward & Co.* (1980), 80 Ill. App. 3d 69, 399 N.E.2d 346.) We therefore believe that the doctrine of *res judicata* bars plaintiff from attacking collaterally the Kentucky judgment in Illinois. Accordingly, we find that the trial court properly granted defendant's motion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN and MEJDA, JJ., concur.