Joseph P. **SULLIVAN**, Plaintiff,

v.

Donald **STEFANIK**; Henry Nulle, Sheriff of McHenry County, Illinois; McHenry County Illinois; and Unknown Deputies or Employees of the McHenry County Sheriff's Department, Defendants.

No. 84 C 2446.

United States District Court,
N.D. Illinois, E.D.

March 29, 1985.

Stephen D. Tousey, E.K. Collison, John Early, John Regan, Early, Collison, Tousey & Regan, Elgin, Ill., for plaintiff.

Thomas A. Morris, John Collins, Brydges, Risebroough, Morris, Franke & Miller, Chicago, Ill., for Stefanik.

Gregory G. Lawton, Byron D. Knight, Judge & Knight, Ltd., Park Ridge, Ill., for Nulle and McHenry County.

## DECISION

McMILLEN, Senior District Judge.

Pending against defendant Stefanik in the above case are pendent claims for false imprisonment (Count IV) and for malicious prosecution (Count V). He has filed a motion for summary judgment on both Counts of the Second Amended Complaint on the grounds that plaintiff was submitted to a preliminary hearing on probable cause, that the Court found probable cause for his arrest and prosecution, and that he is therefore collaterally estopped from proceeding on both pendent Counts. We find and conclude that the record of the hearing is incomplete and, therefore, not sufficient to collaterally estop the plaintiff from proceeding with his amended complaint on these two counts, assuming, of course, that he can obtain Federal jurisdiction.

The record from the Circuit Court of McHenry County, which is attached to defendants' memorandum as Exhibit B, *in toto* is as follows:

Steven McArdle, Assistant States Attorney present. Defendant in court in person and without counsel. Defendant examined and found to be indigent. Court appoints Public Defender. Defendant in court in person and with his court-appointed attorney Dan Hoffman, Assistant Public Defender. Leave given state to amend complaint on its face. Prelimi-

nary hearing heard. Court finds probable cause shown....

■ It is apparent from the foregoing record that the requirements for collateral estoppel which were set forth in *Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir.1984) have not been satisfied in this case. We cannot tell who testified at the preliminary hearing, and there is a reasonable inference from the record that plaintiff was not aggressively and thoroughly represented by a Public Defender who was apparently appointed just at the time of that hearing. We do not know whether plaintiff testified or even whether Stefanik testified. We do not even know precisely what the finding of probable cause applied to, since the "amended complaint" is not yet part of the record in this case.

Therefore a genuine issue of material fact remains in this case concerning what, if anything, plaintiff may be collaterally estopped about and whether the Illinois law on this subject has been satisfied. *Raper v. Hazelet & Erdal*, 114 Ill.App.3d 649, 652, 70 Ill.Dec. 394, 449 N.E.2d 268 (1st Dist. 1983); see also *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill.2d 1, 34 Ill.Dec. 334, 398 N.E.2d 9 (1979). Since collateral estoppel is a matter of substantive law, we must follow the Illinois guidelines. *Nathan v. Tenna Corp.*, 560 F.2d 761 (7th Cir.1977).

The case at bar is more analogous to *Whitley v. Seibel*, 676 F.2d 245 (7th Cir. 1982). In that case, the Court held that the plaintiff's alibi defense had not necessarily been waived at the preliminary hearing, and, although it was subsequently determined to be sufficiently valid to *nolle pros* the charge, the finding of probable cause was not sufficient to collaterally estop the plaintiff's action under Section 1983. In the case at bar, the trial judge apparently did not have an opportunity to test the veracity of the testimony of the prosecuting witness (presumably Stefanik), and may well have based his finding upon hearsay testimony which would not be admissible in a trial. Nor does it appear from the

record why the charge against the plaintiff was *nolle prossed.*

Another Court of Appeals decision which is instructive on the somewhat tenuous question of collateral estoppel is *Brown v. Green*, 738 F.2d 202 (7th Cir.1984). In that case, the Court of Appeals held that the record in the state court proceeding was ambiguous, because the plaintiff had originally been found guilty of criminal battery and resisting arrest, had been sentenced to one year probation, and had subsequently been sentenced to supervision under Chapter 38, § 1005–6–1(c) of the Illinois Revised Statutes (1983). Thus, although the record showed that the original finding of guilty had been vacated when plaintiff was placed on supervision, the Court of Appeals ruled that the trial court proceedings should have been admitted in the plaintiff's Section 1983 action, but that the plaintiff should have been given an opportunity to rebut any inference arising from the state court record. Even though the Illinois statute for supervision requires a plea of guilty or a stipulation by the defendant of facts supporting the charge or of a finding of guilty, the Court of Appeals held that the state court records should not have been given "preclusive effect" in the civil rights complaint but should have been admitted as prima facie evidence of the facts upon which the conviction is based, if the record of the criminal proceedings is found to be relevant to some issue involved in a civil proceeding.

The same disposition of the state court proceedings on plaintiff's preliminary hearing may be applicable in the case at bar if the defendant can reconstruct the record of the preliminary hearing sufficiently to show its relevancy. *Thorton v. Paul*, 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978). Both the *Whitley* and the *Brown* decisions allow the jury to determine the probative value of a non-preclusive state court record.

■ In an effort to reconstruct the state court record, plaintiff is entitled to take the deposition of Steven McArdle, the Assistant States Attorney who participated in the

preliminary hearing. Two of the former defendants who were in this case before the civil rights counts were dismissed have filed a motion to preclude taking McArdle's deposition. Although McArdle is immune from civil liability under Section 1983 (*Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)), he is not immune from being deposed in order to determine, if possible, what actually happened at the preliminary hearing and whether any other Deputy Sheriffs or employees of the McHenry County Sheriff's Department may have been involved in an alleged deprivation of plaintiff's civil rights under Section 1983. McArdle can be asked to testify as to what happened at the preliminary hearing and can even be asked for his professional opinion as to what probable cause was shown at that time. It would be improper, however, to ask him about his own mental processes or opinions unless they were stated on the record at the time of the preliminary hearing. In that event they may or may not be admissible before a jury.

This case will be set for a status report on Monday, May 6, 1985 at 11:00 o'clock a.m. by which time McArdle's deposition should be completed and plaintiff's investigation concerning the potential defendants in Counts I, II and III should also be completed. By the time of the status report, the parties will also be expected to know how much of the proceedings of the preliminary hearing can be reconstructed for the possible use at trial and if Counts I, II and III are to be amended with new defendants.