**Jean STOKES, et al., Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 86 C 4759.**

United States District Court,
N.D. Illinois, E.D.

Aug. 24, 1990.

---

Joseph Cannarata, Dept. of Justice, Washington, D.C., for plaintiffs.

Rick Schoenfield, Ettinger & Schoenfield, Chicago, Ill., for intervening plaintiff.

Gregory E. Kulis, Asst. Corp. Counsel, Judson H. Miner, Acting Corp. Counsel, James J. Ryan, Chicago, Ill., for Chicago.

Joseph D. Ryan, James D. Egan, Asst. State's Atty., Richard M. Daley, State's Atty., Chicago, Ill., for Richard Beuke and Randy Reukert.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

This case arises from a murder case in the Circuit Court of Cook County in which James Allen and Willie Stokes were defendants.

Count III of plaintiffs' Fourth Amended Complaint is brought under 42 U.S.C. § 1983 and alleges that two defendants, Police Officers Rotkvich and Pochordo, violated the fourth and fourteenth amendment rights of plaintiff James Allen and plaintiff's decedent Willie Stokes by suborning perjury in the state court proceedings. Specifically, plaintiffs assert that Rotkvich and Pochordo paid large sums of money and offered other non-monetary inducements to Darryl Moore, Franklin Freeman and James Allen for the purpose of obtain-

ing false testimony against Willie Stokes. Plaintiffs contend that, as a result, Allen and Stokes were illegally indicted, arrested and prosecuted.

## I.

Defendants seek summary judgment and offer a variety of theories for finding in their favor: 1) that Stokes and Allen are collaterally estopped from raising these issues which were the subject of motions to dismiss their indictments in state court; 2) that § 1983 was never intended to provide a remedy for suborning perjury; 3) that absolute immunity attaches to giving testimony and therefore defendants cannot be liable under § 1983 for arranging testimony to be presented; 4) that even if defendants do not have absolute immunity, they are entitled to qualified immunity for their actions because no law at the time of Allen and Stokes' arrest held that suborning perjury violated the U.S. Constitution, and, finally, 5) that under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), plaintiffs do not have a claim because they received all the process that is required under the Constitution.[1]

For purposes of the motion for summary judgment I view the facts in the light most favorable to the non-moving party, as I must, and assume what the defendants vigorously deny, that they did suborn perjury in order to convict Allen and Stokes. *See U.S. v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).[2]

## II.

Defendants claim that Allen's civil rights action is barred by the doctrine of collateral estoppel because the issue of the suborned testimony was previously litigated and decided in state court. Defendants cannot rely on this theory with respect to Stokes because, although a similar motion was filed in the Circuit Court on his behalf, it was withdrawn and a hearing was never held.

The doctrine of collateral estoppel applies to civil rights suits under § 1983. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980). With respect to plaintiff Allen, I must give preclusive effect to state court judgment if the matter has already been litigated and Illinois' preclusion rules apply to bar the claim. *Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Under Illinois rules collateral estoppel applies when: 1) the party against whom the estoppel is asserted was a party to the prior adjudication, 2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, 3) the resolution of the particular issues was necessary to the court's judgment, and 4) those issues are identical to the issues raised in the subsequent suit. *E.g., County of Cook v. MidCon Corp.,* 773 F.2d 892, 898 (7th Cir.1985); *Raper v. Hazelett and Erdal,* 114 Ill.App.3d 649, 70 Ill.Dec. 394, 449 N.E.2d 268 (1983).

The issues raised in Circuit Court are the same as the issues raised here in Count III of the Fourth Amended Complaint. After a hearing, Judge Michael P. Toomin determined that there was no credible evidence that the inducements to Allen, Freeman and Moore were offered in order to secure false statements or testimony; that there was no credible evidence as to any threats of bodily harm upon Freeman or Allen; that there was no evidence shown that Pochordo had knowledge of any perjury committed before the grand jury; that Allen and Freeman failed to prove that

---

1. In a prior Motion For Summary Judgment this court addressed Counts I, II and IV of plaintiffs' complaint. Summary Judgment was entered on these counts in favor of defendants. In the same memorandum opinion this court dismissed Count IV. The only remaining count is Count III, the subject of this opinion.

2. On a motion for summary judgment the court must view the record and all inferences drawn in light most favorable to the non-moving party.

*Mechnig v. Sears Roebuck & Co.,* 864 F.2d 1359, 1363 (7th Cir.1988). Plaintiffs submit depositions of witnesses, in which these witnesses testify that they were paid for cooperating with the police investigation of Allen and Stokes and giving perjured testimony. This calls into question the reliability of the grand jury testimony of these same witnesses which defendants submit in support of their motion.

perjury was committed before the grand jury and, finally, that the allegations against Rotkvich were made with reckless abandon.

Allen makes no response to the argument that his claims are barred in this court. The issue is, thus, conceded and on this basis Count III can be dismissed. But because Allen is a *pro se* plaintiff, I consider the arguments Stokes' counsel makes on Allen's behalf. Counsel relies on *Whitley v. Seibel*, 613 F.2d 682, 685 (7th Cir.1980), to argue that collateral estoppel does not apply to an issue if different burdens of proof are required to determine the issue in state and federal court. Stokes argues, on behalf of Allen, that in state court the burden was on Allen to prove the motion to dismiss. Now, the burden is on the defense to show it is entitled to summary judgment in its favor based on qualified immunity. This argument fails for a number of reasons.

First, qualified immunity is not the basis of the argument here, at issue is whether plaintiff's indictment and arrest-prosecution were the result of fourth and fourteenth amendment violations, and the burden is on plaintiff to support the factual allegations of his complaint. Second, even if the issue in the state and federal litigation was qualified immunity, the burden in both was on plaintiff; once defendants plead qualified immunity, Allen must refute the claim. *See Landstrom v. Ill. Dept. of Children & Family Serv.*, 892 F.2d 670, 680 (7th Cir.1990). The issues Allen raises here are the same as those presented before Judge Toomin. The rules which determine when collateral estoppel applies to bar a claim in Illinois are satisfied here, and Allen is estopped from relitigating the claims in Count III of his complaint which were already decided in state court.

### III.

Defendants argue that Pochordo and Rotkvich cannot be liable for their alleged misconduct in securing testimony before the grand jury which indicted plaintiffs because absolute immunity is assured from damages liability for testimony given in judicial proceedings. Moreover, according to defendants, § 1983 does not create a remedy for all constitutional violations, and in particular, provides no relief for perjured testimony suborned by a police officer.

### A.

The defense's reliance on *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) is misplaced. Although absolute immunity from civil liability for testimony given in judicial proceedings is deeply rooted in the common law and *Briscoe* does stand for the proposition that police officers, like all witnesses, have absolute immunity from § 1983 liability for testifying on judicial proceedings, this is not the issue here. *See Briscoe*, 103 S.Ct. at 1119. Plaintiff here seeks redress because the police officers allegedly suborned testimony of other witnesses for use in the grand jury. The law has never provided civil immunity in this context. *See Jones v. City of Chicago*, 856 F.2d 985, 995–95 (7th Cir.1988) (violation of § 1983 where clearly unreliable testimony was used by police officers, who concealed its use, in arresting Jones).

### B.

Section 1983 provides a remedy for actions taken "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...." which may result in violation of "rights, privileges or immunities secured by the Constitution and laws". *See Briscoe*, 103 S.Ct. at 1113. A police officer who allegedly knowingly obtains an indictment or makes an arrest in violation of an individual's constitutional rights can be sued under § 1983 for damages. *E.g., Olson v. Tyler*, 771 F.2d 277 (7th Cir.1985) (police officer may be held liable under § 1983 for actions that a reasonably well-trained officer would have known would result in an illegal arrest in violation of plaintiff's fourth amendment rights); *Beard v. Udall*, 648 F.2d 1264 (9th Cir.1981) (violation of § 1983 where police officers used illegal methods or acted with-

out probable cause to cause an arrest or criminal prosecution).

■■■■ Defendants argue that even if they are subject to § 1983 liability, their activity is entitled to qualified immunity. The question of whether Pochordo and Rotkvich's actions are protected by qualified immunity is a matter of law for the judge to determine. *Whitt v. Smith*, 832 F.2d 451, 453 (1987). The standard for granting qualified immunity is well-established. Broadly stated: government officials performing discretionary functions are shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

As previously delineated, plaintiffs' claim here is that their constitutional rights were violated by the police who used suborned testimony to pursue their indictment, arrest and continued prosecution. During arrest an individual is protected by the fourth amendment of the U.S. Constitution and at some point after arrest his confinement or continued prosecution is protected by the due process clause of the fourteenth amendment. *See Wilkins v. May*, 872 F.2d 190, 192–93 (7th Cir.1989); *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir.1988). The case-law cited by plaintiffs to support the claim that their constitutional rights were violated by the actions of police pertains exclusively to fourth amendment claims. This is not, however, irrelevant to the fourteenth amendment protections plaintiffs are entitled to, as defendants would have, since the inquiry under the fourth and fourteenth amendments does not change. *See Jones*, 856 F.2d at 994 (whether "police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decision of prosecutors or grand jurors or magistrates to confine or prosecute him").

A § 1983 defendant is liable only for his or her own actions, and not for the actions of others. *See Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir.1988). Although Officers Rotkvich and Pochordo admittedly were involved in the investigation of plaintiffs for murder, they did not execute the warrant for Allen and Stokes' actual arrest. Although defendants were not the arresting officers, Pochordo did sign the complaint which caused the arrest warrant to be issued for Stokes which was followed by an indictment three weeks later.[3] Furthermore, the alleged actions by defendants, consisting of suborned testimony, bribes and false evidence, were the basis for the allegedly unconstitutional arrest. In these circumstances, at least Pochordo (and I think Rotkvich as well for his alleged role in suborning testimony) may still be liable for committing constitutional torts even if they did not make the arrest and defendants cite no authority to convince this court otherwise.

■■■■ Defendants argue that, in any event, an arrest pursuant to a warrant is by definition based on probable cause, therefore, the arrest was necessarily reasonable and they cannot have violated plaintiffs' fourth amendment rights. This is an incorrect statement of the current law. In *Malley v. Briggs*, the Supreme Court specified that issuance of an arrest warrant only provides police officers with qualified immunity and qualified immunity

3. Defendants' original argument, as stated in the complaint, was that Stokes was arrested on a warrant granted by the grand jury which indicted him. Subsequently, in the response to this motion Stokes correctly pointed out that Stokes' arrest was made on a warrant obtained by defendant Pochordo with a complaint signed by Pochordo. Defendants rely on *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir.1989), to argue that this represents a significant change from what is pleaded in the Fourth Amended Complaint and matters raised outside the pleadings may not form the basis for summary judgment. Here plaintiffs have not substantially changed their claim, but merely corrected supporting facts to their claim of fourth amendment violations. This is not like the case relied on by defendants where the additional facts had "little to do with the ... [fraud] complaint at issue" and the withholding of the additional facts could be deemed an attempt to bypass the Fed. R.Civ.P. 9(b) requirement to plead fraud with particularity in the complaint. *Id.* at 1349–59.

does not protect from liability an officer who acts on warrant where that reliance is not objectively reasonable. 475 U.S. 335, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986) ("a reasonably well-trained officer in [his] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant").

It is clearly established that the fourth amendment requires *truthful* factual showing sufficient to constitute probable cause. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (information in a warrant affidavit must be truthful or appropriately accepted as truthful by the affiant). An officer who submits testimony that he has suborned in preparing a warrant, as well as to the grand jury for indictment, objectively and reasonably knows that the arrest and indictment are in violation of the fourth amendment and illegal.

Policing is a lofty calling, vital to the public weal, often heroic in action. The grace and worth of the work usually remains unseen and unappreciated by those it serves. In grime and squalor, facing danger and fury, bearing witness to what is worst in men and women—even police officers sometimes lose sight of the dignity of their service. It is a profound insult to the dignity of the service when a police officer submits testimony which the officer knows to be false in order to secure a warrant or indictment. Using evidence known to be false violates a fundamental duty of the officer. From the duty rises the right to be free from its violation. Even in the absence of judicial decision and specific statutory enactment,[4] this right is clearly established, and any reasonable officer would know this. This is so because no reasonable argument can be found to support a rule permitting the use of testimony known by its user to be false. Thus, Rotkvich and Pochordo are not entitled to qualified immunity for acts they are expected to know were in violation of Stokes' constitutional rights.

## IV.

◼ Finally, defendants say under the doctrine of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), plaintiffs' fourth amendment due process claims do not give rise to a § 1983 cause of action.[5] In *Parratt* and its progeny, the Supreme Court held that a deprivation of a constitutionally protected liberty or property interest caused by a state employee's random, unauthorized acts does not give rise to a § 1983 procedural due process claim, unless there is no adequate state

---

4. State and federal law generally prohibit assault, battery, use of deadly force, criminal damage to property, weapons possession, and so forth; all of these prohibitions contain exceptions for police officers on terms not applicable to ordinary citizens. There are no such general exceptions for police officers in those laws which prohibit false testimony or its subornation before courts and juries. At most are found exceptions permitting police officers to provide false information on such things as license application forms and corporation reports in the performance of undercover work, with explicit approval of superiors, prosecutors or courts (not alleged to have occurred here). It is conceivable that a *court* might authorize the giving of false evidence under exceptional circumstances, but I express no view as to whether this might ever be permissible and, if so, under what stringent limitations it might be allowed. Nor is the case here one where false statements are made to a court as part of an undercover operation designed to expose corruption. Perjury (or its subornation) may be absent from such cases because the criminal state of mind does not exist in those who perform the prohibited acts. *United States v. Murphy,* 768 F.2d 1518, 1528–29 (7th Cir.1985) (court noted, but did not rely on, the fact that prior notice of the sham cases had been given to the presiding judge of the criminal court, the state prosecutors and the governor) and the validity of this use of false statements to courts is not settled. *See In re Friedman,* 76 Ill.2d 392, 30 Ill.Dec. 288, 392 N.E.2d 1333 (1979); *United States v. Gjieli,* 717 F.2d 968 (6th Cir.1983).

5. The *Parratt* doctrine is only applicable to the question of whether plaintiffs were denied liberty without due process, it has no bearing on the question of whether defendants are liable under § 1983 for violating plaintiffs' substantive fourth amendment rights. It is well-recognized that *Parratt* does not apply to "substantive constitutional proscriptions that are binding upon the states through incorporation into the due process clauses of the fourteenth amendment." *Parratt,* 101 S.Ct. at 1913; *Olson v. Tyler,* 771 F.2d 277, 282 (1985).

post-deprivation remedy. The Supreme Court reasoned that where the State cannot predict, so as to prevent a deprivation, a post-deprivation remedy is all the process State can supply and that is constitutionally sufficient. *Zinermon v. Burch,* —— U.S. ——, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990).

Section 1983, thus, provides a remedy for a constitutional deprivation only once the State fails to provide due process. *Zinermon,* 110 S.Ct. at 978. Defendants argue that plaintiffs were given pre-deprivation process before their arrest in the form of a hearing before grand jury and after their arrest by the motions to dismiss the indictment plaintiffs were permitted to file in state court. The hearing before the grand jury cannot provide an adequate remedy in this situation, its effect was tainted by Pochordo and Rotkvich's allegedly illegal actions in procuring testimony for plaintiffs' arrest and grand jury hearing.

In any event, *Parratt* does not control here for reasons similar to those in *Zinermon.* The conduct defendants engaged in, was not "unauthorized", in fact making arrests is specifically within the police officer's province, "the State delegated to them the power and authority to effect the very deprivation complained of here" and thus, at the same time defendants are under a duty to guard against unlawful arrest and confinement. *Zinermon,* 110 S.Ct. at 990. *Parratt* is not intended to enable state officials to escape § 1983 liability in every case where a deprivation is caused by an unauthorized departure from established practices, simply because the State has a post-deprivation remedy available. *Id.* 110 S.Ct. at 990 n. 20. Pochordo and Rotkvich cannot characterize their conduct as random and unauthorized activity which the state could not predict, and *Parratt* will not protect them from liability under § 1983.

## V.

Summary Judgment is granted in favor of defendants with respect to plaintiff Allen, he is collaterally estopped from relitigating his claims in this court. Summary judgment is denied in favor of both defendants Pochordo and Rotkvich with respect to the fourth and fourteenth amendment claims based on Stokes' arrest, indictment and criminal prosecution.