952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald DEL RAINE, Plaintiff/Appellee,
v.
Jerry T. WILLIFORD, Defendant/Appellant.
 No. 89-2154.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Jan. 10, 1992.
 
 Before WOOD, JR., FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald Del Raine, while incarcerated at the federal prison in Marion, Illinois, ordered a copy of a publication entitled A New Iron Column. The publication arrived at Marion, but never reached Del Raine because Warden Jerry Williford rejected the ordered publication on May 29, 1985. The "notice of rejection," signed by Warden Williford and received by Del Raine, indicated that the publication was rejected because it "depicts statements concerning both staff and inmates which poses a threat to the orderly running of the institution."
 
 
 2
 Del Raine later filed an action in the Southern District of Illinois, alleging, among other things, a claim for money damages under the First Amendment against Warden Williford for intercepting A New Iron Column. See Bivens v. Six Unknown Named Federal Agents of the Bureau of Narcotics, 403 U.S. 388 (1971).[1] After discovery, Williford moved for summary judgment asserting that he rejected A New Iron Column for legitimate penological reasons and, in any event, qualified immunity shielded him from liability. The parties consented to final disposition of the case by a federal magistrate judge. The motion for summary judgment was denied and the district court held that Warden Williford was not entitled to qualified immunity. Warden Williford appeals from the denial of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (authorizing immediate appealability of district court's denial of qualified immunity claim).
 
 
 3
 The defense of qualified immunity shields government officials performing discretionary functions from civil damages liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known.' " Henderson v. DeRobertis, 940 F.2d 1055, 1058 (7th Cir.1991) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Even though the qualified immunity inquiry is a question of law, Mitchell v. Forsyth, 472 U.S. at 528, the particular facts of the case at issue must be considered by the court in order to determine whether the law was clearly established at the time the officials acted. Elliott v. Thomas, 937 F.2d 338, 343 (7th Cir.1991); Green v. Carlson, 826 F.2d 647, 649 (7th Cir.1987). This is because the test of "clearly established law" demands that the constitutional right in question be characterized with sufficient particularity. Anderson v. Creighton, 483 U.S. 635 (1987); Auriemma v. Rice, 910 F.2d 1449, 1455 (7th Cir.1990). Accordingly, in examining whether the official is entitled to qualified immunity, the court must determine "whether the law was clear in relation to the specific facts confronting the public official when he acted." Colaizzi v. Walker, 812 F.2d 304, 308 (7th Cir.1987). See also Elliott, 937 F.2d at 342; Klein v. Ryan, 847 F.2d 368, 371 (7th Cir.1988). Furthermore, when qualified immunity is raised on summary judgment, as is the case here, the district court should consider all of the evidence in the record, in the light most favorable to the non-movant. Green, 826 F.2d at 652.
 
 
 4
 Warden Williford contends that the district court incorrectly analyzed the qualified immunity issue. We agree. Initially, in determining whether Warden Williford was entitled to immunity, the district court made no reference to the evidence in the record. Instead, it denied immunity on the ground that "an inmate's First Amendment right to incoming mail was clearly established at the time of Williford's actions." Thus, the court erred in failing to consider the specific factual situation in relation to the qualified immunity issue. Green, 826 F.2d at 649-50.[2]
 
 
 5
 Additionally, the district court erred in charging Warden Williford with the burden of establishing that the constitutional right he allegedly violated was not clearly established at the time he rejected the publication. In denying immunity, the court stated that Williford "has not supplied the Court with closely analogous case law ... nor has he submitted any basis for finding that the legal norm allegedly violated was not clearly established." However, once Warden Williford asserted the defense of qualified immunity, Del Raine shouldered the burden of establishing that the warden's conduct violated a clearly established constitutional right. Fernandez v. Perez, 937 F.2d 368, 370 (7th Cir.1991).
 
 
 6
 This Del Raine has not done. If Warden Williford's rejection of A New Iron Column was "reasonably related to legitimate penological interests," then he did not violate clearly established rights, Thornburgh v. Abbott, 490 U.S. 401, 404 (1989) (citing, Turner v. Safley 482 U.S. 78, 89 (1988)), and is immune. Del Raine failed to contradict Warden Williford's affidavit that A New Iron Column contained statements about Marion inmates and staff which threatened prison security by an affidavit describing the contents of the rejected publication or other evidence. Del Raine relies on the magazine's disappearance to excuse his failure to produce evidence to dispute the warden's affidavit. Under the Bureau of Prisons' Administrative Remedy Procedure the warden is instructed to retain the rejected publication and permit the prisoner to review its contents for purposes of appealing the rejection. However, Del Raine never exercised his right to an administrative appeal. Consequently, Warden Williford's affidavit remains undisputed and Del Raine is unable to demonstrate that he violated his clearly established rights. Thus, Warden Williford is entitled to summary judgment as a matter of law.
 
 
 7
 Accordingly, the district court's order is REVERSED. We REMAND for entry of of summary judgment in Warden Williford's favor.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Del Raine also brought suit against numerous other Marion officials and advanced a myriad of other claims against both Williford and the other defendants. However, none of these claims are at issue on appeal
 
 
 [2]
 Although the district court may have considered the specific facts of the case in its analysis of the merits, the merits issue and the qualified immunity issue are "conceptually distinct' and must be considered separately." Whitt v. Smith, 832 F.2d 451, 454 (7th Cir.1987) ( citing Green, 826 F.2d at 651-52 n. 3)