*In re* MARRIAGE OF ELISE GOLDBERG, Petitioner-Appellant, and FRED GOLDBERG, Respondent-Appellee.

First District (2nd Division)   No. 1—95—0463

Opinion filed July 23, 1996.—Rehearing denied September 11, 1996.

998

Grund & Starkopf, P.C., of Chicago (David Grund and Richard Zachary, of counsel), for appellant.

Hamman & Benn, of Chicago (Howard W. Foster, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Following a judgment of dissolution of marriage and affirmance of that judgment on direct appeal (see *In re Marriage of Goldberg*, 152 Ill. App. 3d 1162, 515 N.E.2d 1066 (1987)), Fred Goldberg, respondent, filed a petition for termination of maintenance due to substantial changes in his financial status. Elise Goldberg, petitioner, unsuccessfully moved to dismiss the petition and then filed a petition for rule to show cause, asserting that Fred had withheld $10,000 in maintenance payments. After several cross-motions, Elise was denied her motion for summary judgment.

Under the terms of the original order of dissolution, Elise was awarded a lump sum of $100,000 and permanent maintenance in the amount of $2,000 per month, until death or remarriage. On September 21, 1992, an agreed order of settlement was entered between the parties, resolving all issues of maintenance under which Elise was entitled to 36 monthly installments of $1,250 with a lump sum of $15,000 in the 37th month. Under the agreement the foregoing amounts were "non-modifiable and shall terminate only upon death or 24 months after the anniversary of wife's remarriage or the 37th monthly anniversary of this order, whichever occurs first, or cohabitation with another person on a resident, continuing conjugal basis."

One month later, on October 20, 1992, Elise remarried. Fred thereafter filed a petition to vacate the agreed order of settlement, alleging Elise had fraudulently misrepresented her intention to remarry, which led Fred to enter into the settlement, and requesting a termination of maintenance. Elise filed a second petition for rule to show cause, alleging that Fred had withheld $3,125 in maintenance, and a petition to enforce the agreed order of settlement.

At the hearing on Fred's petition to vacate the agreed settlement

order, Fred's counsel testified that he told Elise's counsel that "there should be no reason for [Fred] *** to continue to pay maintenance if she gets married," to which Elise's counsel responded, "she should have the right to get married in the future." Fred's counsel then asked whether Elise had any present intention to get married. Elise's counsel responded that he was not aware of any intention by Elise to remarry. Fred's counsel believed that Elise's remarriage "is a remote possibility because of her age, her condition and her disability, so, [he] *** agreed to the 24 months because it appeared to [him] *** that it would never happen." Fred's attorney suggested they "put some time limit on it, if she does get married in the future then it should terminate without him having to continue to pay all of the money." The two attorneys then "agreed upon the language which was written in that it would terminate 24 months from the anniversary of her remarriage or the 37th month of the order, whichever came first, because this was an order payable in 37 months because there was a lump sum, paid in installments for 3 years and a balloon at the end of the third year." This conversation was conveyed to Fred before he signed the agreed order.

Following the hearing, the circuit court vacated the agreed order of settlement, finding fraud by Elise because the "future remarriage of Elise Goldberg was a [sic] integral part of the agreement." The court set the parties' cross-petitions for further hearings. On June 13, 1994, after a court hearing, Fred's petition to terminate maintenance was granted, Elise's two petitions for rule to show cause were denied, and Elise was ordered to pay Fred a refund of $1,875.

Elise's counsel thereafter filed a petition for attorney fees and costs pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/508(a), (b) (West 1994). The circuit court initially found that section 508(a) was the only section applicable to Elise's request for attorney fees and costs. Following a hearing on the petition for attorney fees, Fred's counsel moved to dismiss the fee petition which the court granted, reasoning that Elise's counsel failed to present evidence of the novelty and difficulty of the question at issue, the reasonableness of the fees, customary charges, the amount and importance of the subject matter, and the benefit to the client. The court noted that it was "not satisfied that [Elise] *** has been straightforward with the Court, in her candor as to what her present holdings are," and there was insufficient evidence demonstrating her inability to pay her attorney fees. See 750 ILCS 5/508(a) (West 1994). Elise appeals.

Fred initially asserts Elise failed to appeal the circuit court's order granting his motion to vacate the agreed order of settlement and

this court has jurisdiction only over the circuit court's order denying Elise's petition for attorney fees and costs.

A notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts thereof specified in the notice of appeal. *Mimica v. Area Interstate Trucking, Inc.*, 250 Ill. App. 3d 423, 425, 620 N.E.2d 1328 (1993). A notice of appeal is to be liberally construed and an appeal from a subsequent final judgment will draw into question all prior nonfinal rulings and final but nonappealable orders which produced the judgment. *First National Bank v. St. Charles National Bank*, 152 Ill. App. 3d 923, 930, 504 N.E.2d 1257 (1987). "A notice of appeal need not designate a particular order to confer jurisdiction, as long as the order which is specified directly relates back to the judgment or order from which review is sought." *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 659, 656 N.E.2d 134 (1995). "An unspecified judgment is reviewable if it is a 'step in the procedural progression leading to the judgment specified in the notice of appeal.'" *Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d at 659, quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435, 394 N.E.2d 380 (1979).

In the present case, the circuit court's order of January 27, 1994, vacating the agreed order of settlement, was a final but nonappealable order which produced the judgment. See *First National Bank v. St. Charles National Bank*, 152 Ill. App. 3d 923, 930, 504 N.E.2d 1257 (1987). The petition for attorney fees and costs was directly related to the January 27, 1994, order and Elise's notice of appeal did not need to designate this earlier ruling in order to confer jurisdiction. See *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 659, 656 N.E.2d 134 (1995). This court has jurisdiction over the January 27, 1994, order.

Elise initially contends the circuit court erred in vacating the agreed order of settlement because Fred failed to adduce any evidence that she had induced him to accede to the settlement fraudulently. Fred counters the court's order was supported by the evidence and Elise must prove the court abused its discretion.

A settlement that is legal and binding on its face is presumed valid; such presumption can be overcome by proving through clear and convincing evidence that there was fraud in the inducement, fraud in the execution, mutual mistake or mental incompetency. *Smith v. Texaco, Inc.*, 232 Ill. App. 3d 463, 468, 597 N.E.2d 750 (1992). Whether to modify a settlement decree or not rests in the circuit court's sound discretion. See *In re Marriage of Riedy*, 130 Ill. App. 3d 311, 313, 474 N.E.2d 28 (1985).

Fred contends the circuit court's order is supported by the evi-

dence because Elise's attorney represented to Fred's counsel that Elise had no intention of remarrying and Elise's attorney also insisted that the agreement provide that Fred's payments continue for 24 months after remarriage. The intention to remarry has been held to be a material fact when knowledge of it would have influenced the disposition of support; however, the concealment or misstatement of that intention is not of itself sufficient to constitute fraud. *In re Marriage of Bashwiner*, 107 Ill. App. 3d 772, 778-79, 438 N.E.2d 490 (1982) (*Bashwiner*). The complaining party must show that the other party falsely stated a material fact; the fact was intentionally misstated or concealed to induce the complaining party to act; and that the complaining party detrimentally relied upon the misstatement or the nonexistence of the fact. *Bashwiner*, 107 Ill. App. 3d at 780.

■ Under circumstances similar to the case *sub judice*, the *Bashwiner* court held that the husband could not have detrimentally relied upon the wife's concealment of her intention to remarry because the settlement agreement "itself contemplated the possibility" of the wife's remarriage. 107 Ill. App. 3d at 779. Similarly, in the present case, the settlement agreement contemplated the possibility of Elise's remarriage because it provided that payments would terminate 24 months after Elise's remarriage.

In the case *sub judice*, Fred's counsel testified that he agreed to the term because he believed Elise's remarriage was "a remote possibility" and "that it would never happen." Elise's counsel did not unequivocally guarantee that Elise would not remarry but stated merely that he was unaware of any intention on Elise's behalf to remarry. Although Fred's counsel may have believed Elise's remarriage was an unlikely contingency, he nevertheless was willing to assume the risk that the contingency would not occur, based upon his own opinion "that it would never happen." Significantly, contrary to Fred's assertion, his own counsel, not Elise's counsel, suggested placing the time limit on the remarriage clause, thereby expressly contracting for the possibility that Elise could get remarried. Fred, then, did not detrimentally rely upon Elise's counsel's alleged misrepresentation where the settlement agreement provided for the possibility of Elise's remarriage. The circuit court's determination is contrary to the evidence and must be reversed.

Elise next contends the circuit court erred in denying her petition for attorney fees and costs under section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/508 (West 1994). Fred maintains the circuit court did not abuse its discretion in denying Elise's petition for attorney fees and costs.

■ A spouse seeking an award of attorney fees and costs must

show financial inability to pay the fees as well as the financial ability of the other spouse to pay them. *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 221, 533 N.E.2d 29 (1988). The award of attorney fees and the amount to be paid by the parties is within the discretion of the circuit court and will not be disturbed absent a clear showing of an abuse of discretion. *Head v. Head*, 168 Ill. App. 3d 697, 704, 523 N.E.2d 17 (1988).

Section 508(a) of the Act provides as follows:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by any party, which award shall be made in connection with the following:

\*\*\*

(2) The enforcement or modification of any order or judgment under this Act." 750 ILCS 5/508(a) (West 1994).

Elise initially maintains the circuit court erred in denying her petition for attorney fees and costs because Fred failed to provide any evidence of his financial condition pursuant to his petition to terminate maintenance. Elise, however, bears the burden of showing her financial inability to pay the fees as well as Fred's financial ability to pay them. *In re Marriage of Einhorn*, 178 Ill. App. 3d 212, 221, 533 N.E.2d 29 (1988). Elise failed to present sufficient evidence demonstrating Fred's ability to pay. The circuit court, in denying Elise's petition, noted that it was "not satisfied that [Elise] \*\*\* has been straightforward with the Court, in her candor as to what her present holdings are" and there was insufficient evidence demonstrating her inability to pay her attorney fees. The circuit court did not abuse its discretion in denying Elise's petition for attorney fees and costs under section 508(a) of the Act.

Elise next argues the circuit court erred in denying her petition for attorney fees and costs under section 508(b) of the Act. 750 ILCS 5/508(b) (West 1994).

■ Under section 508(b), a circuit court has no discretion as to whether to award attorney fees and costs, only whether the failure to pay was without cause or justification. *In re Marriage of Garelick*, 168 Ill. App. 3d 321, 328, 522 N.E.2d 738 (1988). When the award of reasonable attorney fees and costs is mandatory, but the failure to pay was justified or the failure was not wilful and wanton, a court may deny attorney fees and costs. *Garelick*, 168 Ill. App. 3d at 328.

Section 508(b) of the Act provides as follows:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 1994).

Elise asserts she had to enforce the court's maintenance order against Fred because of his wilful failure to comply. In granting Fred's petition for modification of support due to an adverse change in circumstances, the court noted, however, that Fred's maintenance payments in 1991 and 1992 were "reasonable under the circumstances." In denying Elise's petition for attorney fees and costs under section 508(b), the court observed that "there was no finding of wilful failure to comply with any prior Order or Judgments of this Court." Elise's contentions to the contrary must be rejected. The circuit court did not err in denying Elise's petition for attorney fees and costs under section 508(b) of the Act. 750 ILCS 5/508(b) (West 1994).

For the foregoing reasons, the order of the circuit court vacating the agreed order of settlement is reversed; the order of the court denying the petition for attorney fees and costs is affirmed.

Reversed in part; affirmed in part.

SCARIANO and BURKE, JJ., concur.