2025 IL App (1st) 240777-U
Nos. 1-24-0777 & 1-24-1240 (cons.)
Order filed January 24, 2025

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| *In re* MARRIAGE OF DUANE MORTON. | ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) |  |
| v. | ) ) | No. 05 D 630523 |
| BERRETDUS T. MORTON | ) ) |  |
| Respondent-Appellant. | ) ) ) ) | The Honorable Ericka Orr Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court orders requiring appellant to name children as beneficiaries of life insurance policy and to pay attorney's fees affirmed.

¶ 2    When Duane Morton and Berretdus Morton divorced in 2007, the judgment for dissolution included two provisions regarding life insurance. The section "Financial Provisions For The Children" required Duane and Berretdus to maintain life insurance policies of not less than $25,000 for the benefit of their children until high school or college graduation or age 23. A

separate section addressing the division of the parties' assets and debts required Berretdus to maintain a Jackson National Life Insurance policy on Duane's life, with the children remaining as beneficiaries.

¶ 3        In 2024, Duane was gravely ill. He petitioned for a rule to show cause as to why Berretdus should not be found in contempt for failing to name their children, Duane III and Breanna, as beneficiaries. The trial court granted the petition and ordered Berretdus to name the children as beneficiaries and repay the loans she had taken against the policy. After Duane died, the trial court ordered Jackson National to pay the claim on Duane's life and deposit the funds into Berretdus's attorney's trust account. The court also awarded attorney's fees to Duane III, who had intervened after his father's death.

¶ 4        Berretdus contends the trial court erred in (i) finding that the dissolution judgment required her to name her children as beneficiaries on the Jackson National policy after the children turned 23 years old and (ii) awarding attorney's fees.

¶ 5        We affirm. The two life insurance provisions are not in conflict and read in conjunction, require (i) both parents to maintain life insurance for a specified period and (ii) Berretdus to maintain an existing Jackson National policy with the children as beneficiaries regardless of their ages. Because Berretdus did not follow this directive, the trial court correctly ordered her to name the children as beneficiaries, repay the loans, and pay attorney's fees.

¶ 6                                      Background

¶ 7        Duane Morton and Berretdus Morton were married in 1992 and had two children, Duane III, and Breanna, both now over 23 years old. They divorced, and a judgment of dissolution was entered in 2007. The judgment included two provisions addressing life insurance. Under "Financial Provisions for the Children," paragraph 4:

"Each party will keep in effect a policy of life insurance on their respective lives in an amount not less than twenty-five thousand dollars ($25,000). Each party shall designate the other as trustee for the children, who shall be designated as the primary beneficiaries under the policy. The children shall remain the primary beneficiaries under these life insurance policies until each child graduates from high school or completed his [or her] college education whichever comes later, but in no event later than his [or her] twenty-third (23rd) birthday."

¶ 8        A later section, "Division of Assets and Debts," included a provision on life insurance. Paragraph 13 stated, " Respondent [Berretdus] shall continue to maintain the Jackson National Life, life insurance policy on the Petitioner's [Duane's] life with the children remaining the beneficiaries of said policy of insurance."

¶ 9        In February 2024, Duane was hospitalized and gravely ill. Duane III, as power of attorney, filed an emergency petition for a restraining order to prevent the insurance policy's proceeds from being distributed to Berretdus. The petition alleged that Berretdus had not named the children as beneficiaries as required by the dissolution judgment and had taken out a $20,827 loan on the policy. The trial court found the matter was not an emergency and continued the case. A few days later, Duane III filed a petition for a rule to show cause as to why Berretdus should not be found in contempt of court for willfully refusing to name him and his sister as beneficiaries of the Jackson National policy.

¶ 10       Berretdus filed a motion to dismiss, asserting that paragraph 4 of the dissolution judgment controlled and that because the children were over 23 years old, she was not required to continue to name them as beneficiaries under the insurance policy.

¶ 11 The trial court entered a temporary restraining order, prohibiting Berretdus from "accepting, encumbering, squandering, concealing, or otherwise dissipating the funds from the Jackson National Life Insurance Company policies that she owns" and ordered Jackson National to "immediately restrain and freeze any and all use or distribution or withdrawal of the life insurance policies owned by Berretdus Morton."

¶ 12 The trial court entered a written order finding that under paragraph 13 of the dissolution judgment, Duane III and Breanna are the sole beneficiaries of the Jackson National insurance policy. The court ordered Berretdus to name her children as the beneficiaries within 7 days and to repay loans she took against the policy within 45 days. The court ordered Berretdus to provide proof to Duane's attorney that she had complied with the orders. The court also granted Duane's attorney leave to file a petition for attorney's fees and costs.

¶ 13 Duane died in April 2024. By agreed order, the trial court stayed requiring Berretdus to name her children as beneficiaries and ordered Jackson National to pay the claim on Duane's life into Berretdus's attorney's trust account. The court also required Berretdus to pay into the trust account enough funds to cover the loan she had taken out against the policy. In a separate agreed order, the trial court ordered Berretdus to pay $3,063.92 in attorney's fees within 14 days and permitted Duane III to intervene, given his father's death.

¶ 14 Berretdus appeals. On its own motion, this court took the case on Berretdus's brief only.

¶ 15 Analysis

¶ 16 Standard of Review

¶ 17 The rules of contract interpretation apply to the terms of dissolution judgments. *In re Marriage of Figliulo*, 2015 IL App (1st) 140290, ¶ 13. In interpreting a dissolution judgment, courts must adhere to the intent of the court at the time of entry. *Id*. To determine intent, courts

look only to the language of the dissolution judgment, absent ambiguity. *In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1017 (2011). A court shall not depart from the plain language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *People v. Martinez*, 184 Ill. 2d 547, 550 (1998). The dissolution judgment is to be interpreted as a whole, giving meaning and effect to each provision when possible and in a way that avoids nullifying provisions or rendering them meaningless. *Coles–Moultrie Electric Cooperative v. City of Sullivan*, 304 Ill. App. 3d 153, 159 (1999). Also, a court should not read the judgment in a manner that would produce absurd, inconvenient, or unjust results. See, *e.g.*, *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 134 (2005). *De novo* review applies. *Hendry,* 409 Ill. App. 3d at 1017.

¶ 18                    Life Insurance Provisions of Dissolution Judgment

¶ 19        Berretdus contends the trial court erred in interpreting the dissolution judgment to require her to maintain the Jackson National policy for her children's benefit after age 23. She argues that the dissolution judgment contains competing life insurance provisions, and the trial court erred by enforcing paragraph 13 without considering paragraph 4. Berretdus relies on a familiar rule of construction, providing that where both a general and a specific provision in a contract address the same subject, the more specific clause controls. *Grevas v. United States Fidelity & Guaranty Co.*, 152 Ill. 2d 407, 411 (1992). Berretdus then insists that the specific, terminable insurance obligation under paragraph 4 controls over the more general, non-terminable insurance obligation under paragraph 13.

¶ 20        Typically, a specific contractual provision overrides a general provision where giving effect to both provisions is impossible. *McDonald's Corp. v. Butler Co.*, 158 Ill. App. 3d 902, 909 (1987). For instance, in *Grevas*, choosing one section over the other was unavoidable

because each called for a mutually inconsistent course of action. *Grevas*, 152 Ill. 2d at 410. The supreme court decided the more specifically relevant section for the plaintiff. *Id*. at 411.

¶ 21     Whenever possible, we "must interpret a contract in a manner that gives effect to all of the contract's provisions." *McHenry Savings Bank v. Autoworks of Wauconda, Inc*., 399 Ill. App. 3d 104, 111 (2010). Here, we can give effect to both insurance provisions in the dissolution judgment. Paragraph 4, requiring both parties to maintain at least $25,000 in life insurance until the children turned 23, ensured their financial interests while still in school. As Berretdus acknowledges, in entering the dissolution judgment, the trial judge was "simply doing what domestic relations judges do every day—order security for child support and college educational expenses for the case's minor children." That provision lapsed when the children reached age 23.

¶ 22     Paragraph 13, however, imposed a separate obligation on Berretdus and does not conflict with paragraph 4. When dividing the parties' assets, the trial court required Berretdus to maintain an existing life insurance policy on Duane with the children remaining beneficiaries. Unlike paragraph 4, the obligation under paragraph 13 did not lapse. So, both paragraphs can be given effect, and we affirm the trial court's order requiring Berretdus to name the children beneficiaries of the Jackson National policy and repay the loans encumbering the policy.

¶ 23     Berretdus cites *Reid v. Reid*, 58 Ill. App. 2d 357 (1965) to argue that adult children may not receive a property interest in a dissolution judgment. The court, however, did not so hold. Instead, the court found that a property settlement agreement making the children irrevocable beneficiaries of his life insurance proceeds until college or graduate school graduation could not be extended after they completed their education. *Id*. at 361.

¶ 24    Further, contrary to Berretdus's contention, paragraph 13 does not create an impermissible perpetual contract, as it would terminate on Duane's death. *Jespersen v. Minnesota Mining & Manufacturing Co.*, 183 Ill. 2d 290 (1998) (contracts of interminable duration are disfavored and terminable at the will of either party unless terminable for cause or on occurrence of specific event). Further, nothing in paragraph 13 indicates Berretdus (or her estate) would have been required to maintain the Jackson National policy had she predeceased Duane.

¶ 25                                                         Attorney's Fees

¶ 26    Berretdus asks us to vacate the enforcement-related attorney's fee award of $3,062.92.

¶ 27    Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act provides,"[i]n every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 2022). Under section 508(b), the trial court has no discretion in awarding attorney's fees, only whether the failure to pay was without cause or justification. *In re Marriage of Goldberg*, 282 Ill. App. 3d 997, 1003 (1996). A court may deny attorneys' fees and costs where the failure to pay was justified, or the failure was not willful and wanton. *Goldberg,* 282 Ill.App.3d at 1003. We will affirm in the absence of a clear abuse of discretion. *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 715, (2005).

¶ 28    Berretdus contends she had a compelling reason not to comply with paragraph 13, namely, her obligation to maintain the Jackson National Life Insurance policy expired when the children turned 23. As we have decided, we disagree with that contention. Accordingly, in the

absence of a compelling justification for not complying with the dissolution judgment, the trial court properly exercised its discretion.

¶ 29   Affirmed.